FILED
TARRANT COUNTY
9/15/2016 11:26:57 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **141-287532-16** _____

| | | |
|---|---|---|
| **JOHN BRATTON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| | § | |
| **ALLSTATE FIRE & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | _____ **JUDICIAL DISTRICT** |
| *Defendant* | § | |

## PLAINTIFF JOHN BRATTON'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** John Bratton, (hereinafter referred to as "Plaintiff"), complaining of Allstate Fire and Casualty Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.

### PARTIES

2. Plaintiff is an individual residing in Tarrant County, Texas.

3. Allstate Fire and Casualty Insurance Company is a (foreign) insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent

---

*Plaintiff John Bratton's Original Petition*


**EXHIBIT**
B-1

Page | 1

LL

of service, (C T Corporation System), located at the following address: (1999 Bryan St Ste 900, Dallas, TX 75201).

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant Allstate Fire and Casualty Insurance Company because Defendant is a (foreign) insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Allstate Fire and Casualty Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Tarrant County, Texas, because the Property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant Allstate Fire and Casualty Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 240 Belbourne Road, Hurst, Texas 76053.

9. Defendant Allstate Fire and Casualty Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about December 27, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Allstate Fire and Casualty Insurance Company. Plaintiff subsequently opened a claim on February 12, 2016 and Defendant Allstate Fire and Casualty Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Allstate Fire and Casualty Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to

place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level **_SHALL_** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate therefore grossly undervalued and did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant Allstate Fire and Casualty Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Allstate Fire and Casualty Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant Allstate Fire and Casualty Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by National Claims Negotiators for proceeds to be in an amount sufficient to cover the damaged Property. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff. Defendant Allstate Fire and Casualty Insurance Company's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered and named peril under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices for "misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue[.]" TEX. INS. CODE § 541.060(a)(1).

21. Defendant failed to make an attempt to settle Plaintiff's claim in a prompt, fair and equitable manner. Because of the obvious damage to the Property, Defendant was reasonably clear its liability to Plaintiff.

Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

22. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any reasonable explanation for why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices for "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy… for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]" TEX. INS. CODE § 541.060(a)(3).

23. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing within fifteen (15) days from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, for Unfair Settlement Practices and Notice of Acceptance or Rejection of Claim. TEX. INS. CODE §§ 541.060(a)(4), 542.056(a).

24. Under the terms of the Policy, Defendant refused to fully compensate Plaintiff, by knowingly and intentionally conducting an unreasonable investigation. Specifically, Defendant performed a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

25. Defendant Allstate Fire and Casualty Insurance Company failed to meet its obligations under the Texas Insurance Code to acknowledge the receipt, begin an investigation, and request all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Receipt of Notice of Claim. TEX. INS. CODE § 542.055(a)(1) -(3).

26. Defendant failed to accept or deny Plaintiff's full and entire claim, within 15 days, even after receiving all necessary information provided by Plaintiff and National Claims Negotiators. Defendant's conduct constitutes a violation of the Texas Insurance Code, Notice of Acceptance or Rejection of Claim. TEX. INS. CODE § 542.056.

27. Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of claims without delay. Defendant refused to issue payment within the mandated period of five (5) days. To date, Plaintiff has not yet received full payment for his claim, even though Defendant's liability is without question. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 541.057.

28. From and after the time Plaintiff's claim was presented to Defendant Allstate Fire and Casualty Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its

insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

29. Defendant knowingly and recklessly made false representations to Plaintiff, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

30. Defendant knowingly and purposefully made several misrepresentations about the Policy issued to Plaintiff. Defendant's conduct constitutes violations of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer and Misrepresentation of Insurance Policy. TEX. INS. CODE §§ 541.051(1)(A), 541.061(1)(3).

31. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, who is representing Plaintiff with respect to these causes of action.

32. Due to the reckless and/or negligent and/or intentional misrepresentations of the Defendant, Plaintiff believed he had no other option but to hire an attorney, seek new insurance coverage and/or attempt and fail to fix the Property.

33. Each and every one of the representations, as described above, concerned material facts, and absent such representations, Plaintiff would not have acted as he did.

34. Each and every one of the representations, as described above, was made by the Defendant recklessly and/or negligently without any knowledge of its truth and as a positive assertion.

35. As a result of Defendant's errors and/or omissions and/or other misrepresentations, Plaintiff has been severely underpaid and his reliance upon those errors, omissions and misrepresentations have been to Plaintiff's detriment.

36. At all times relevant, Plaintiff was and is a consumer for purposes of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

37. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant Allstate Fire and Casualty Insurance Company committed in this case, or in similar cases, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant Allstate Fire and Casualty Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Due to these continuous, systematic, and concerted actions to defraud, manipulate and deny policy benefits to Plaintiff and other insureds, Defendant should be punished.

## CONDITIONS PRECEDENT

38. All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

39. All acts by Defendant Allstate Fire and Casualty Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Allstate Fire and Casualty Insurance Company and/or were completed in its normal and routine course and scope of employment.

40. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

41. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex.Ins.Code §541.002(2) (emphasis added). *See also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

42. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## NEGLIGENCE

43. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

44. Defendant Allstate Fire and Casualty Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

45. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

46. Defendant Allstate Fire and Casualty Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Allstate Fire and Casualty Insurance Company and Plaintiff.

47. According to the Policy, which Plaintiff purchased, Defendant Allstate Fire and Casualty Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

48. As a result of the storm-related event, Plaintiff suffered extreme weather related damages.

49. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant Allstate Fire and Casualty Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE PRACTICES ACT & TIE-IN-STATUTES

50. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

51. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (TEX. BUS. & COM. CODE § 17.46(b)(14));

    C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to

induce the consumer into a transaction into which the consumer would not have entered

had such information been disclosed (TEX. BUS. & COM. CODE § 17.46(b)(24));

D.  Using or employing an act or practice in violation of the Texas Insurance Code (TEX.

BUS. & COM. CODE § 17.50(a)(4));

E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt

resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F.  Failure to properly investigate Plaintiff's claim (TEX. INS. CODE § 541.060(7)); and/or

G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to

obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE §

17.46(31)).

52. As described in this Original Petition, Defendant Allstate Fire and Casualty Insurance Company

represented to Plaintiff that his Policy and Allstate Fire and Casualty Insurance Company's adjusting and

investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the

right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

53. As described in this Original Petition, Defendant Allstate Fire and Casualty Insurance Company

represented to Plaintiff that his Policy and Allstate Fire and Casualty Insurance Company's adjusting and

investigative services were of a particular standard, quality, or grade when they were of another, which

stands in violation of § 17.46 (b)(7).

---

54. By Defendant Allstate Fire and Casualty Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

55. Defendant Allstate Fire and Casualty Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

56. Defendant Allstate Fire and Casualty Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

57. Defendant Allstate Fire and Casualty Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

58. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Allstate Fire and Casualty Insurance Company, to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

59. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

60. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

61. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

62. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (§ 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

C.   Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim § 541.060(a)(3).);

D.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff ( § 541.060(a)(4));

E.   Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.   Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.   Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.   Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.   Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

63. By its acts, omissions, failures and conduct, Defendant Allstate Fire and Casualty Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant Allstate Fire and Casualty Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

64. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Allstate Fire and Casualty Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

65. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Allstate Fire and Casualty Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

66. As a result of Defendant Allstate Fire and Casualty Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.  Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or

TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

67. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

68. By its acts, omissions, failures and conduct, Defendant Allstate Fire and Casualty Insurance Company has collectively and individually breached the common law duty of good faith and fair dealing by conducting a results oriented investigation, inadequately adjusting Plaintiff's claim without any reasonable basis, and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the (underpayment) of Plaintiff's covered loss.

69. Defendant Allstate Fire and Casualty Insurance Company has also breached the common law duty of good faith and fair dealing by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim, as Defendant knew, or should have known, it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Defendant are a proximate cause of Plaintiff's damages.

## KNOWLEDGE

70. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

71. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

72. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorneys' fees.

73. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

74. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorneys' fees. § 542.060.

75. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

76. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

77. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

78. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, (in excess of $200,000.00 but less than $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

79. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

80. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005..

## COMPEL MEDIATION

81. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

82. Plaintiff demands a jury trial, consisting of citizens residing in Tarrant County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

83. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Allstate Fire and Casualty Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Allstate Fire and Casualty Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Allstate Fire and Casualty Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate Fire and Casualty Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Allstate Fire and Casualty Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Allstate Fire and Casualty Insurance Company and its assigned adjuster, and all correspondence between Allstate Fire and Casualty Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Allstate Fire and Casualty Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Allstate Fire and Casualty Insurance Company or Allstate Fire and Casualty Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate Fire and Casualty Insurance Company or any of Allstate Fire and Casualty Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate Fire and Casualty Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.      The date and manner in which Allstate Fire and Casualty Insurance Company received notice of the claim;

b.      The date and manner in which Allstate Fire and Casualty Insurance Company acknowledged receipt of the claim;

c.      The date and manner in which Allstate Fire and Casualty Insurance Company commenced investigation of the claim;

      d.      The date and manner in which Allstate Fire and Casualty Insurance Company requested from the claimant all items, statements, and forms that Allstate Fire and Casualty Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

      e.      The date and manner in which Allstate Fire and Casualty Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date Allstate Fire and Casualty Insurance Company anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate Fire and Casualty Insurance Company's document retention policy.

10. Does Allstate Fire and Casualty Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Allstate Fire and Casualty Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Allstate Fire and Casualty Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Allstate Fire and Casualty Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

84. Plaintiff prays that judgment be entered against Defendant Allstate Fire and Casualty Insurance Company and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorneys' fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which

he is due as a result of the acts of Defendant Allstate Fire and Casualty Insurance Company, and for all such

other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of

treble damages under the Texas Insurance Code, attorneys' fees for the trial and any appeal of this lawsuit, for

all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law,

and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself to be

justly entitled.

RESPECTFULLY SUBMITTED,

*/S/ James M. McClenny*
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com

ATTORNEYS FOR PLAINTIFF