

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN BRATTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-00966-A |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate") files this Amended Answer and would respectfully show the following:

### I.
### PLAINTIFF'S ALLEGATIONS

### DISCOVERY CONTROL PLAN

1. There are no allegations of fact in this paragraph requiring admission or denial.

### PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Admit.

### JURISDICTION

4. Admit.

5. Admit.

## VENUE

6. Admit.

## FACTS

7. Defendant admits that Plaintiff purchased a policy from it that was effective on the alleged date of loss.

8. Admit. As further answer, Defendant would show that the terms, conditions, exclusions and limitations of the policy are the best evidence of the policy's coverage.

9. Admit. As further answer, Defendant would show that the terms, conditions, exclusions and limitations of the policy are the best evidence of the policy's coverage.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. If further answer is required, denied.

11. Defendant admits that it opened a claim and assigned an adjuster to adjust the claim at issue. Defendant denies the remaining allegations in this paragraph.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. If further answer is required, denied.

18. Denied.

19. Denied. As further answer, Defendant would show that the terms, conditions, exclusions and limitations of the policy are the best evidence of the policy's coverage.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. If further answer is required, denied.

37. Denied.

### CONDITIONS PRECEDENT

38. Denied.

### AGENCY

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. If further answer is required, denied.

40. Denied.

41. Denied.

42. There are no allegations of fact in this paragraph requiring admission or denial.

## NEGLIGENCE

43. Denied.

44. Denied.

## BREACH OF CONTRACT

45. There are no allegations of fact in this paragraph requiring admission or denial.

46. Denied.

47. Defendant admits that Plaintiff purchased the policy, which required Defendant to investigate Plaintiff's claim. As further answer, Defendant would show that the terms, conditions, exclusions and limitations of the policy are the best evidence of the parties' obligations thereunder. If further answer is required, denied.

48. Denied.

49. Denied.

## VIOLATIONS OF THE TEXAS DECEPTIVE PRACTICES ACT & TIE-IN STATUTES

50. There are no allegations of fact in this paragraph requiring admission or denial.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## VIOLATIONS OF TEXAS INSURANCE CODE

61. There are no allegations of fact in this paragraph requiring admission or denial.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH & FAIR DEALING

67. There are no allegations of fact in this paragraph requiring admission or denial.

68. Denied.

69. Denied.

## KNOWLEDGE

70. Denied.

## DAMAGES

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. There are no allegations of fact in this paragraph requiring admission or denial.

## ADDITIONAL DAMAGES & PENALTIES

79. Denied.

## ATTORNEY'S FEES

80. Denied.

## COMPEL MEDIATION

81. Defendant denies that Plaintiff is entitled to compel mediation.

## JURY DEMAND

82. There are no allegations of fact in this paragraph requiring admission or denial.

## DISCOVERY

83. There are no allegations of fact in this paragraph requiring admission or denial.

## CONCLUSION

84. Defendant denies that Plaintiff is entitled to the relief he seeks.

## PRAYER

85. There are no allegations in this paragraph requiring admission or denial. Defendant denies that Plaintiff is entitled to the relief he seeks.

\* \* \*

## II.
## DENIAL OF CONDITIONS PRECEDENT

91. The policy contains certain conditions that have not been satisfied that bar Plaintiff's recovery, in whole or in part:

### A. LOSS DURING THE POLICY PERIOD

92. The policy applies only to loss that occurs during the policy period. To the extent that any part of the loss of which Plaintiff complains did not occur during this policy period, the policy provides no coverage for the same.

### B. LOSS ABOVE THE DEDUCTIBLE

93. Allstate's obligation to pay under the policy extends, if at all, only to a covered loss that exceeds the policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

## III.
## AFFIRMATIVE DEFENSES

### A. LIMITATION ON PUNITIVE/EXEMPLARY DAMAGES

94. Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

95. As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the

United States and the Constitutions of the State of Texas in one or more of the following respects:

    a)    Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

    b)    The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

### B. BONA FIDE DISPUTE

96.    By way of affirmative defense to Plaintiff's claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a bona fide dispute. The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims.

### C. EXCESSIVE DEMAND

97.    Plaintiff's claim for attorneys' fees is barred, in whole or in part, by the doctrine of excessive demand.

### D. PAYMENT / OFFSET / CREDIT

98.    Plaintiff's claim for damages is offset by the amount of insurance claim payment already made by Defendant, as well as Plaintiff's deductible.

## IV.
## PRAYER

Defendant Allstate Fire and Casualty Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant and that Defendant recovers its court costs and such other further relief to which it is justly entitled.

Respectfully submitted,

*Eric K Bowers*

Roger D. Higgins
State Bar No. 09601500
Eric K. Bowers
State Bar No. 24045538

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
rhiggins@thompsoncoe.com
ebowers@thompsoncoe.com

ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on October 31, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

James M. McClenny
J. Zachary Moseley
Derek L. Fadner
McCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mmaa-pllc.com

*Eric K Bowers*
Eric K. Bowers